IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL A. WESBECHER,

    Plaintiff,                       No. CIV S-01-2410 FCD DAD P

    vs.

STEPHEN D. LANDAKER, et al.,

    Defendants.              ORDER

/

        On August 13, 2008, this action was dismissed and judgment was entered.[1]  On September 12, 2008, plaintiff filed a document styled, "Motion For Rehearing," which the court construes as a request for reconsideration.

Standards For Motions To Reconsider

        Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other

---

[1] The court notes that the dismissal of this action as to defendants Reichel and Krzyzek was without prejudice.

1

grounds exist for the motion."  The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment."  Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency."  Costello, 765 F.Supp. at 1009.

Federal Rule of Civil Procedure 59(b) requires that "any motion for new trial shall be filed no later than 10 days after entry of the judgment."  In this case, plaintiff's motion was filed over ten days from the entry of the amended dismissal order and amended judgment.  Plaintiff's motion must, therefore, be denied.  Plaintiff is cautioned that no further filings shall be made in this action and that failure to comply with this order may result in the imposition of monetary sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 12, 2008 motion for rehearing (Doc. No. 148), which is construed as a motion for reconsideration, is denied; and

/////

/////

/////

2. Plaintiff shall file nothing further in this action with this court. Failure to comply with this order may result in the imposition of monetary sanctions.

DATED: September 23, 2008.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

3